June 15, 1910.

---

No. 5067.

(Court of Appeal, Parish of Orleans.)

## TUTWILER COAL & COKE CO., LTD. vs. GEORGE E. DUCLAUX ET AL.

R. H. Marr for plaintiff and appellee.

Rouse, Grant & Grant for defendant and appellant.

GODCHAUX, J.—The defendants, one an employee of plaintiff, and the other surety upon the fidelity bond

— 491 —

conditioned to protect the plaintiff against loss growing out of the personal dishonesty amounting to larceny and embezzlement, of the employee, appeal from a judgment in solido against them for the amount of an alleged loss suffered by the employer.

The employee's position was that of secretary and cashier, and his employment began on May 1, 1907. The shortage in his accounts occurred between that date and December 1, 1907, the date of his discharge. It is needless to detail the evidence upon which this Court concludes, in agreement with a similar decision on the part of the lower Court, that it is abundantly shown that during the term of employment and the life of the bond, the defendant employee misappropriated the funds in his custody to an extent and in a manner that would render him liable to criminal prosecution for larceny or embezzlement, and that as a consequence thereof the plaintiff suffered a loss in the amount which it sues for. These conclusions are based upon the positive testimony of plaintiff's witnesses, and though the defendant employee was at all times afforded ample facilities and opportunities to dispel or explain away the charge against him, he made no serious effort to do so, either before or since these proceedings were filed.

But both employee and surety complain that while the petition charges that the embezzlement occurred on or about November 4, 1907, the evidence shows that on that date the defendant employee faithfully accounted for and deposited in bank the full amount which he on that date had collected or received; and they both urge that plaintiff's case consequently stands unproved, notwithstanding the fact that the proof is positive to the effect that some time between the beginning of his employment and November 4, 1907, the employee misappropriated, perhaps at different times, the amount of the shortage claimed.

This position is not well taken. The employee had the custody of the cash and under the system of book-keeping which he himself inaugurated and followed during his incumbency it was impossible for any one but himself to ascertain during what period the cash actually on hand corresponded with or failed to correspond with the amount called for by the books, which, by the way, appear to have been in balance up to November 4, 1907. On that date, however, an actual shortage existed, and in order to conceal same the employee, by means of false entries, made it appear from the books that the amount of cash that should be on hand was, to the extent of said shortage, less than he was actually and truly accountable for. Under these circumstances, and in view particularly of the fact that it was impossible to show the actual date or dates upon which the misappropriation may have taken place, it was only sufficient that plaintiff should pitch his cause of action as of date November 4, 1907, the time of the concealment, but under such averments it was competent to show that the misappropriation which gave rise to or culminated in such concealment, transpired during a period anterior thereto.

The surety contends that the plea of no cause of action which it filed should be maintained, this plea being based upon the fact that the petition failed to aver that the employee had, by a competent criminal tribunal, been adjudged guilty of larceny or embezzlement. The policy or bond in this case contains no requirement to the effect that a prior criminal prosecution should be a condition precedent to a suit upon the bond, and we are aware of not principle of law under which it could be maintained that where an obligation is conditioned upon the existence of a criminal act, the performance of such obligation cannot be demanded until the fact of the existence of such criminal act has been established by a criminal tribunal.

The surety further complains that plaintiff is not en-

— 493 —

titled to recover because it failed to comply with the terms of the bond by giving the surety timely notice of the discovery that a loss had been sustained, or of facts indicating that a loss had probably been sustained. Upon this branch of the case, it is true that the testimony of some of plaintiff's witnesses tends to show that the surety company received no notice until long after an investigation of the employee's books had been begun; but, as against the somewhat hazy recollection of these witnesses, the Court finds, from a review of all the data in the record, that practically up to the very time when notice was served upon the surety, the plaintiff regarded the discrepancy in its employee's books to be one purely of book-keeping errors and not of dishonesty, and that plaintiff was lulled into this belief, first by the fact heretofore referred to that on November 6th, the employee showed by his entries a less amount of collection and deposit than the actual collection and deposit of that day, and, secondly, by the fact that when his employment terminated he turned over in cash to his successor an amount in excess of what the books required on their face. It was only after the new incumbent had been in office for some time and after he had conducted a preliminary audit of the books that the plaintiff discovered the shortage and first began to entertain suspicions of its employee's criminality. It was then that plaintiff served notice upon the surety company and followed this action by employing a competent expert to thoroughly examine and audit its books of accounts.

The surety likewise claims that it is not liable because plaintiff failed to make and furnish proof of loss as required by the policy or bond, but as to this contention it appears that as soon as the auditors had completed their work, an abstract thereof was forwarded to the surety, and that the latter made the general objection and

indefinite complaint that it was not "in accordance with the terms and conditions of our bond, and does not comply with its requirements or present a claim that is within its provisions." The same vague objection is repeated in the surety's answer in the lower court, as well as in the brief in this court, and we have no hesitancy in holding that the plea should not be considered. Had the surety pointed, out, as it should have done, wherein the proofs of loss failed to fill the requirements of the bond, thus giving the plaintiff timely opportunity to perfect it, a different question might have been presented. Moreover, it is not so certain that the surety's denial of liability did not constitute a waiver not only of notice, but of proof of loss.

Finally the surety company claims that the plaintiff failed to retain in its hands a credit to its employee for salary, which credit might have been used in part liquidation of the shortage. It is known, however, that this was done before the existence of the shortage was discovered, and, consequently, the plaintiff cannot be held to accountability therefor.

Upon examination of the entire record we find no error in the judgment appealed from, and consequently it is hereby affirmed.

Judgment affirmed.

June 15, 1910.

St. Paul, J., recused.

Rehearing refused June 24, 1910.

Writ denied by Supreme Court June 1, 1910.